1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAE JUNE PAK,                                    )        1:06-CV-00574-AWI-LJO-P
                                                      )
12                  Plaintiff,                        )
                                                      )
13          vs.                                       )        FINDINGS AND RECOMMENDATION
                                                      )        TO DISMISS CASE FOR FAILURE TO
14   SIX UNKNOWN NAMES AGENTS,                        )        OBEY A COURT ORDER
     et al.,                                          )
15                                                    )
                    Defendants.                       )
16                                                    )
                                                      )
17   _____ )

18          On June 13, 2006, the court issued an order for plaintiff to pay the $250.00 filing

19   fee for this action or to file an application to proceed in forma pauperis, within thirty days of the

20   date of service of the order.  The thirty day period has now expired, and plaintiff has not paid the

21   filing fee, filed an application to proceed in forma pauperis, or otherwise responded to the court's

22   order.

23          Local Rule 11-110 provides that "failure of counsel or of a party to comply with

24   these Local Rules or with any order of the Court may be grounds for the imposition by the Court

25   of any and all sanctions . . . within the inherent power of the Court."  District courts have the

26

1

1  inherent power to control their dockets and "in the exercise of that power, they may impose

2  sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth.,

3  782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a

4  party's failure to prosecute an action, failure to obey a court order, or failure to comply with local

5  rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance

6  with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure

7  to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439,

8  1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs

9  to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.

10  1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,

11  1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local

12  rules).

13         In determining whether to dismiss an action for lack of prosecution, failure to

14  obey a court order, or failure to comply with local rules, the court must consider several factors:

15  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

16  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

17  cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at

18  831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;

19  Ghazali, 46 F.3d at 53.

20         In the instant case, the court finds that the public's interest in expeditiously

21  resolving this litigation and the court's interest in managing the docket weigh in favor of

22  dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal,

23  since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

24  action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public

25  policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor

26

1  of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the

2  court's order will result in dismissal satisfies the "consideration of alternatives" requirement.

3  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The

4  court's order requiring plaintiff to pay the filing fee or file an application to proceed in forma

5  pauperis expressly stated: "Failure to comply with this order will result in a recommendation that

6  this action be dismissed."  Thus, plaintiff had adequate warning that dismissal would result from

7  his noncompliance with the court's order.

8           Accordingly, the court HEREBY RECOMMENDS that this action be dismissed

9  based on plaintiff's failure to obey the court's order of June 13, 2006.

10          These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

12  **fifteen (15) days** after being served with these findings and recommendations, plaintiff may file

13  written objections with the court.  Such a document should be captioned "Objections to

14  Magistrate Judge's Findings and Recommendations."  The parties are  is advised that failure to

15  file objections within the specified time may waive the right to appeal the District Court's order.

16  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17

18  IT IS SO ORDERED.

19  **Dated:    July 26, 2006**             _____/s/ Lawrence J. O'Neill_____
    i0d3h8                              UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

                                          3